**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

CUMIS INSURANCE SOCIETY, INC., )
)
        Plaintiff, )
) No. CIV 07-374-TUC-CKJ
vs. )
) **ORDER**
MERRICK BANK CORPORATION, )
et al., )
)
        Defendants. )
_____ )

Pending before the Court is Defendant Savvis, Inc.'s Motion to Dismiss and/or Strike. Cumis Insurance Society, Inc. ("Cumis") has filed a response and Savvis, Inc. ("Savvis") has filed a reply. Cumis has also filed evidentiary objections. Supplemental briefs have also been submitted to the Court and, on November 26, 2007, argument was presented to the Court.

*Factual and Procedural Background*[1]

On or about May 2, 2007, Cumis filed a Complaint in the Superior Court of the State of California, County of Los Angeles. On May 24, 2007, Cumis filed a First Amended Complaint for Damages and Injunctive Relief against Merrick Bank Corporation ("Merrick") and Savvis. The Amended Complaint alleges six California state law claims:

    Count I:  Negligent Interference with Prospective Economic Advantage;

    Count II:  Unfair, Deceptive and Unlawful Business Practice in Violation of California *Business & Professions Code* ("BPC") §§ 17200 et seq. and/or other laws

---

[1] Unless otherwise stated, the facts are taken from the Complaint.

that regulate the handling of consumer and/or financial records;

Count III: Breach of Contract;

Count IV: Intentional and/or Negligent Misrepresentation;

Count V: Violation of California *Civil Code* § 1798.81 which requires a business to "take all reasonable steps to destroy, or arrange for the destruction of a customer's records within its custody or control containing personal information which is no longer to be retained by the business by (1) shredding, (2) erasing, or (3) otherwise modifying the personal information in those records to make it unreadable or undecipherable through any means[,]"and;

Count VI: Negligence.

Cumis requests damages and injunctive relief.

The matter was removed to United States District Court, Central District of California, Western Division, on June 4, 2007. On June 29, 2007, Merrick filed an Answer; on July 10, 2007, Merrick filed an Amended Answer. Savvis has not filed an Answer.

The California District Court issued an Order to Show Cause why this matter should not be transferred to the District of Arizona because one of the grounds for removal was the relationship between this case and a bankruptcy case pending in the District of Arizona. On July 24, 2007, that court transferred this matter to the Arizona District Court.

On or about June 29, 2007, Savvis filed a Motion to Dismiss and/or Strike. In light of the transference, the California court did not consider Savvis' Motion to Dismiss and/or Strike.

On or about September 28, 2007, this Court ordered the parties to file any supplemental pleadings regarding *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), on or before October 12, 2007.

*Evidentiary Objections*

During argument, counsel for Savvis indicated that Cumis' evidentiary objections were well-taken. The Court will sustain the objections. The declaration of Jeremiah D. Kelman and the exhibits attached thereto will not be considered by the Court in determining

- 2 -

the issues raised in the Motion to Dismiss.

*Motion to Dismiss*

The United States Supreme Court recently found that, in order to survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its facts." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1974, — L.Ed.2d — (2007).[2]  While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Id*. at 1964-65.  Indeed, Fed.R.Civ.P. 8(a)(2) requires a showing that a plaintiff is entitled to relief "rather than a blanket assertion" of entitlement to relief.  *Id*. at 1965 n. 3.  The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right to action." *Id*. at 1965.  Thus, a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) (or a motion for judgment on the pleadings) should be granted when a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible." *Id*. at 1974.  However, the Supreme Court has cited *Twombly* for the traditional proposition that "[s]pecific facts are not necessary [for a pleading that satisfies Rule 8(a)(2)]; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardue*, — U.S. — , 127 S.Ct. 2197, 2200, 167 L.Ed.2d 929 (2007).

*Twombly* involved a § 1 Sherman Act complaint and the Supreme Court did not discuss how this standard applies to other actions.  Moreover, the Ninth Circuit has not yet addressed, in a published opinion, how the standard applies to other actions.  However, the Second Circuit has stated, in an action brought against government officials for alleged

---

[2]The holding in *Twombly* explicitly abrogates the well established holding in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

- 3 -

1  constitutional violations, that *Twombly* requires "a flexible 'plausibility standard,' which
2  obliges a pleader to amplify a claim with some factual allegations in those contexts where
3  such amplification is needed to render the claim *plausible.*" *Iqbal v. Hasty*, 490 F.3d 143,
4  157-58 (2nd Cir. 2007).

5       This Court must take as true all allegations of material fact and construe them in the
6  light most favorable to the nonmoving party. *See Cervantes v. United States*, 330 F.3d 1186,
7  1187 (9th Cir. 2003). In general, a complaint is construed favorably to the pleader. *See*
8  *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on*
9  *other grounds*, 457 U.S. 800. Nonetheless, the Court does not accept as true unreasonable
10 inferences or conclusory legal allegations cast in the form of factual allegations. *Western*
11 *Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

13 *Count II*

14      Savvis asserts that the BPC § 17200 does not apply to Cumis because it is not a
15 California resident and the alleged conduct and harm occurred outside of California's
16 borders. Cumis asserts that it has agreed to file an amended complaint to include allegations
17 concerning wrongful conduct that occurred in California. The motion to dismiss will be
18 granted as to this claim; the dismissal will be with leave to amend.

19      Savvis asserts that California's unfair competitive law does not permit recovery of
20 damages. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003); *see*
21 *also United States v. Sequel Contractors, Inc.*, 402 F.Supp.2d 1142 (C.D.Cal. 2005). Cumis
22 agrees that the actual damages claim under the UCL claim should be dismissed. The actual
23 damages claim will be dismissed.

24      Savvis asserts that restitution under California's unfair competitive law is limited to
25 the return of money obtained through an unfair business practice to persons from whom the
26 money was taken. *Korea Supply*, 29 Cal. 4th at 1144-49, *Madrid v. Perot Systems Corp.*, 130
27 Cal.App.4th 440, 453 (2005). Cumis agrees that whether Cumis has pleaded sufficient facts

- 4 -

to support a prayer for restitution under BPC § 17200, *et seq.*, is an issue that remains pending before this Court.

Savvis asserts that, to obtain restitution, Cumis must allege that it seeks the return of money obtained by Savvis that was once in Cumis' possession. *Korea Supply*, 29 Cal. 4th at 1149. Savvis asserts that the First Amended Complaint does not contain any allegation that Savvis (or Cable & Wireless) obtained any money from Cumis or any of its insureds. Savvis asserts that any amounts paid by Cumis was to its credit union customers for fraudulent purchases. Neither these amounts, or amounts paid by the credit unions to the merchant for fraudulent purchases, ever came into the possession of Savvis. Savvis asserts that Cumis is actually seeking disgorgement, presumably for funds Cable & Wireless received for auditing services from CardSystems, but Cumis did not possess or have any interest in the money paid to Cable & Wireless for auditing CardSystems.

Cumis asserts, however, that restitutionary disgorgement is available under the UCL:

> This may include monies that were not necessarily in the plaintiff's possession: "We have stated that '[t]he concept of restoration or restitution, as used in the UCL, is not limited only to the return of money or property that was once in the possession of that person.' Instead restitution is broad enough to allow a plaintiff to recover money or property in which he or she has a vested interest."

*Juarez v. Arcadia Financial, Ltd.*, 152 Cal.App.4th 889, 914-15 (2007), *citations omitted*. Cumis asserts that if it should be required to plead additional facts, Cumis will additionally allege that Savvis should be required to disgorge any and all fees that Savvis collected from CardSystems and/or Visa (including audit fees) when it issued its flawed report. However, in reaching this conclusion, the *Juarez* court discussed the basis premise that a person should not be unjustly enriched at the expense of another. 152 Cal.App.4th at 915. Nonetheless, in *Sequel Contractors*, the court found that plaintiff had failed to state a claim when no facts had been alleged that supported a finding that the plaintiff had an ownership interest in property or funds in defendant's possession. 402 F.Supp.2d at 1156.

In other words, although Cumis may be entitled to restitution, there are insufficient facts alleged to support a claim that Savvis has in its possession funds that Cumis has an

- 5 -

1  interest in. However, as stated in *Juarez*, "if the plaintiffs succeed in establishing UCL
2  liability, it will be clear that [defendant] obtained something to which it was not entitled[.]"
3  152 Cal.App.4th at 914. If Cumis can adequately state a claim (and ultimately succeed in
4  establishing UCL liability), it will be clear that Savvis obtained something to which it was
5  not entitled. The Court finds dismissal with leave to amend is appropriate.

*Count IV*

8  Savvis asserts that Cumis' claim for misrepresentation, including both fraud and
9  negligent misrepresentation, fails to state the claims with particularity as required by
10 Fed.R.Civ.P. 9(b). Cumis agrees that is should provide additional factual details concerning
11 its claim for negligent or intentional misrepresentation and/or concealment. This claim will
12 be dismissed with leave to amend.

*Count V*

15 Savvis asserts that Cumis lacks standing to bring a claim under Cal.Civ.Code §§
16 1798.80, *et seq.* ("§ 1798.80"). Cumis agrees that this issue is disputed before the Court.
17 Under the code, only a customer, which is defined as a natural person, has standing
18 to bring a civil action to recover damages. §§ 1798.80(c) and (d); § 1798.84(b). Savvis
19 asserts that the preamble to the bill enacting the statute makes it clear that only natural
20 persons have standing to seek relief:

> This bill would require a business to ensure the privacy of a customer's personal information, as defined, contained in records by destroying, or arranging for the destruction of the records by shredding, erasing, or otherwise modifying the customer record to make information therein unreadable or undecipherable through any means. Any customer injured by a business' violation of these provisions would be entitled to institute a civil action to recover damages, obtain injunctive relief, or seek other remedies.

25 2000 Cal.Stat.Ch. 1039 (AB. 2246). Savvis asserts that the preamble's limitation to
26 customers applies regardless of the relief sought. Cumis asserts, however, that because credit
27 unions have paid the losses of the cardholders, Cumis and its credit union insureds are

- 6 -

equitably subrogated to the claims held by the cardholders.[3] *Gulf Ins. Co. v. TIG Ins. Co.*, 86 Cal.App.4th 422, 430-31 (2001). Moreover, Cumis asserts that the preamble language simply affirms that consumers may obtain broad relief, but does not purport to limit the standing of non-consumers. Cumis also asserts that, because it is only seeking injunctive relief pursuant to § 1798.84(e), the relief is not limited to customers.

Savvis asserts that the First Amended Complaint does not allege equitable subrogation on behalf of individual cardholders. Savvis further asserts that Cumis has not cited any authority that supports the proposition that equitable subrogation allows a corporation to bring a claim on behalf of natural persons where a statute specifically limits standing to "natural persons." Savvis points to the legislature's failure to provide broader relief. For example, contrary to §1798.80, in Bus. & Prof. Code § 17201, the legislature defined a person as "natural persons, corporations, firms, partnerships, join stock companies, associations and other organizations of persons." While Cumis' complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1964-65. Cumis' § 1798.80 claim is nothing "more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right to action." *Id.* at 1965.

The preamble limits the relief to customers. Moreover, the parties have not cited to any cases where equitable subrogation has been applied to a non-natural person in this context. The limitation in the statute, compared to that of the Bus. & Prof. Code § 17201, shows the legislative intent to limit who is entitled to relief under § 1798.80, *et seq*. Although Cumis asserts that such an interpretation would mean, as a practical matter, that there would never be a case under § 1798.80, the statute clearly states that only a customer, which is defined as a natural person, has standing to bring a civil action to recover damages.

---

[3]"Subrogation is defined as the substitution of another person in place of the creditor or claimant to whose rights he or she succeeds in relation to the debt or claim." *Gulf Ins. Co.*, 86 Cal.App.4th 422 at 430-31.

- 7 -

§§ 1798.80(c) and (d); § 1798.84(b). The same section that provides, in one subsection, that only a customer can bring a civil action to recover damages discusses in another subsection that injunctive relief is available. However, that section does not in any way provide for a non-customer to seek that injunctive relief. The language of the preamble simply confirms this limitation. Count V will be dismissed without leave to amend.

The Court having found that Cumis lacks standing to bring a claim under § 1798.80, the Court will not address Savvis' assertion that, by the terms of the statute, Cumis has not alleged a violation.

Accordingly, IT IS ORDERED:

1. Savvis' Motion to Dismiss is GRANTED in part and DENIED in part.

2. Cumis shall file a Second Amended Complaint consistent with this Order on or before February 11, 2008. All causes of action alleged in the First Amended Complaint which are not alleged in the Second Amended Complaint will be waived. If Cumis fails to timely comply with this Order, this case will proceed with the remaining Counts I, III, and VI. In that event, Savvis' deadline for filing an Answer shall begin to "run" on February 12, 2008.

3. As to Count II, the Amended Complaint shall include sufficient allegations concerning wrongful conduct that occurred in California and allege sufficient facts to support a claim that Savvis has in its possession funds that Cumis has an interest in.

4. As to Count IV, the Amended Complaint shall include sufficient factual details concerning its claim for negligent or intentional misrepresentation and/or concealment.

5. Cumis' claim for actual damages under the UCL is DISMISSED.

6. Cumis' claim for a violation of California *Civil Code* § 1798.80, *et seq.*, is DISMISSED.

DATED this 22nd day of January, 2008.

_____
Cindy K. Jorgenson
United States District Judge